UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMON CRAVER,<br><br>Plaintiff,<br><br>v.<br><br>L. ABLES, et al.,<br><br>Defendants. | No.  2:22-cv-2144 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3      II.       Statutory Screening of Prisoner Complaints

4         The court is required to screen complaints brought by prisoners seeking relief against "a

5  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

6  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16  Franklin, 745 F.2d at 1227-28 (citations omitted).

17         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

27  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28  cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1   R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

2   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3   relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

4   <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

5   content that allows the court to draw the reasonable inference that the defendant is liable for the

6   misconduct alleged."  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  In reviewing a complaint under this

7   standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg.</u>

8   <u>Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

11       III.   <u>Complaint</u>

12       The complaint alleges that defendants Ables, Gamez, and McTaggart violated plaintiff's

13  Fourteenth Amendment rights.  ECF No. 1.  Plaintiff alleges that a psych-tech, Tran, retaliated

14  against him by drafting an allegedly false Rules Violation Report (RVR).[1]  <u>Id.</u> at 5.  The initial

15  RVR and hearing did not comply with the time frames outlined by the regulations, and on appeal

16  the RVR was ordered re-issued and re-heard.  <u>Id.</u>  Plaintiff alleges that his due process rights were

17  once again violated with respect to the re-issued RVR, and that the documents indicating

18  otherwise are falsified because he was at the hospital or bed-ridden during the recorded

19  interactions.  <u>Id.</u> at 6-8.  Plaintiff asserts that Ables falsely recorded that he provided plaintiff

20  twenty-four hours' notice of the re-hearing, that neither Ables nor Gamez provided assistance

21  despite being assigned as staff assistants, and that an unspecified individual falsely recorded that

22  he did not request any witnesses.  <u>Id.</u> at 5-7.  The re-hearing was held in front of McTaggart, who

23  found plaintiff guilty and falsely recorded that plaintiff was present.  <u>Id.</u> at 6, 8.  Plaintiff's

24  punishment was reduced to a counselling chrono due to the prison's inability to hold the hearing

25  in a timely manner.  <u>Id.</u> at 6.

26

27  _____

[1] Tran is not named as a defendant in this case and plaintiff indicates that he is pursuing his
claims against Tran in a separate action.  ECF No. 1 at 5 (citing <u>Craver v. Tran</u>, No. 2:20-cv-
28  01714 WBS DB (E.D. Cal.)).

1        IV.    Failure to State a Claim

2               "Prison disciplinary proceedings are not part of a criminal prosecution, and the full

3        panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418

4        U.S. 539, 556 (1974).  However, when a prisoner faces disciplinary charges that include the loss

5        of good-time credits, they are entitled to certain procedural protections.  These protections include

6        a disciplinary hearing at which they are entitled to be present, twenty-four-hour advance written

7        notice of the charges, an opportunity to call witnesses, and assistance where the charges are

8        complex or the inmate is illiterate.  Id. at 563-64, 566, 570; Williams v. Williams, 661 F. App'x

9        458, 459 (9th Cir. 2016) ("prisoners have a right to call witnesses and present evidence at

10       disciplinary hearings necessarily implies a right to participate in the hearing process").

11              In this case, plaintiff has not alleged the loss of any good time credits,[2] and the Wolff

12       court noted that its decision was not meant to "suggest . . . that the procedures required . . . for the

13       deprivation of good time would also be required for the imposition of lesser penalties such as the

14       loss of privileges."  Wolff, 418 U.S. at 571 n.19; see also Frank v. Schultz, 808 F.3d 762, 764

15       (9th Cir. 2015) (citations omitted) (no compensable due process violation where procedural error

16       is later corrected through administrative process and prisoner ultimately did not lose good-time

17       credits).  Since plaintiff does not allege the loss of any good-time credits, he may also

18       demonstrate that he is entitled to the due process outlined in Wolff by alleging facts showing that

19       the disciplinary "impose[d] atypical and significant hardship on [him] in relation to the ordinary

20       incidents of prison life."  Sandin v. O'Conner, 515 U.S. 472, 484 (1995).  However, the only

21       punishment he alleges is a counseling chrono, which does not amount to an atypical and

22       significant hardship.  The complaint therefore fails to demonstrate that plaintiff was entitled to

23       Wolff's protections and therefore fails to state a claim for relief.

24              The court further notes that even if plaintiff was entitled to the protections outlined in

25       Wolff, he has not alleged sufficient facts to support the claim that Ables and Gamez denied him

26       the right to a staff assistant because has not alleged any facts to show that he is illiterate or that

27       _____

28       [2]  It appears from the allegations that plaintiff may not have even had the possibility of losing
         time credits on re-hearing due to the delays associated with the original hearing.

                                                          4

1   the charges against him were complex.  He has also failed to demonstrate that he was denied the

2   right to call witnesses because he has not identified any witnesses he would have called.

3       V.      Leave to Amend

4       The complaint does not state any cognizable claims for relief and plaintiff will be given an

5   opportunity to file an amended complaint.  If plaintiff chooses to file an amended complaint, he

6   must demonstrate how the conditions about which he complains resulted in a deprivation of his

7   constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must

8   allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs.

9   Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983

10  unless there is some affirmative link or connection between a defendant's actions and the claimed

11  deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and

12  conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

13  Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

14      Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

15  his amended complaint complete.  Local Rule 220 requires that an amended complaint be

16  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

17  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

18  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

19  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

20  in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

21  the original complaint no longer serves any function in the case.  Therefore, in an amended

22  complaint, as in an original complaint, each claim and the involvement of each defendant must be

23  sufficiently alleged.

24      VI.     Plain Language Summary of this Order for a Pro Se Litigant

25      Your request to proceed in forma pauperis is granted.  That means you do not have to pay

26  the entire filing fee now.  You will pay it over time, out of your trust account.

27      Your complaint will not be served because the facts you alleged are not enough to state a

28  claim.  To state a claim for a violation of your due process rights in relation to your disciplinary

5

1    proceeding you must allege facts that show the disciplinary involved the loss of good time credits

2    or the disciplinary caused an atypical and significant hardship.  Since you did not lose any good-

3    time credits and the only punishment  you allege was a counseling chrono, you have not shown

4    that you were entitled to due process.

5             You may amend your complaint to try to fix these problems.  Be sure to provide facts that

6    show exactly what each defendant did to violate your rights or to cause a violation of your rights.

7    If you choose to file a first amended complaint, it must include all claims you want to bring.

8    Once an amended complaint is filed, the court will not look at any information in the original

9    complaint.  **Any claims and information not in the first amended complaint will not be**

10   **considered.**

11            In accordance with the above, IT IS HEREBY ORDERED that:

12            1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

13            2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

14   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

15   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

16   appropriate agency filed concurrently herewith.

17            3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28

18   U.S.C. § 1915A, and will not be served.

19            4.  Within thirty days from the date of service of this order, plaintiff may file an amended

20   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

21   Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

22   number assigned this case and must be labeled "First Amended Complaint."  Failure to file an

23   amended complaint in accordance with this order will result in a recommendation that this action

24   be dismissed.

25   ////

26   ////

27   ////

28   ////

1         5.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

2    form used in this district.

3    DATED: October 5, 2023

4    _____
     ALLISON CLAIRE
5    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28