UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMON CRAVER<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. ABLES, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-2144 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The original complaint was screened and found to not state a claim for relief. ECF No. 5. Plaintiff was given an opportunity to amend the complaint and has now filed a first amended complaint. ECF No. 8.

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
2  theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,
3  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
4  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a
5  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
6  Franklin, 745 F.2d at 1227-28 (citations omitted).

7       "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
8  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
9  what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550
10 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
11 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
12 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,
13 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure
14 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
15 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
16 speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain
17 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
18 cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
19 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

20       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
21 relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
22 Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
23 content that allows the court to draw the reasonable inference that the defendant is liable for the
24 misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this
25 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
26 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
27 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
28 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II. First Amended Complaint

The allegations in the first amended complaint are substantially similar to those in the original complaint. Plaintiff once again alleges that defendants Ables, Gamez, and McTaggart violated plaintiff's Fourteenth Amendment rights in relation to disciplinary proceedings. ECF No. 8. Plaintiff alleges that he was written up for a retaliatory, false rules violation. Id. at 5. Because the initial proceedings did not comply with the time frames outlined by the regulations, the disciplinary was ordered re-issued and re-heard. Id. Plaintiff alleges that defendants committed various due process violations related to the re-issued disciplinary and that the documents indicating otherwise are falsified because he was at the hospital or bed-ridden during the recorded interactions. Id. at 6-11. Plaintiff was once again found guilty and issued a counselling chrono and he alleges that the due process violations and the negative impact the disciplinary will have when the parole board considers his eligibility for parole constitute an atypical and significant hardship. Id. at 11.

III. Failure to State a Claim

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, when a prisoner faces disciplinary charges that include the loss of good-time credits, they are entitled to certain procedural protections. These protections include a disciplinary hearing at which they are entitled to be present, twenty-four-hour advance written notice of the charges, an opportunity to call witnesses, and assistance where the charges are complex or the inmate is illiterate. Id. at 563-64, 566, 570; Williams v. Williams, 661 F. App'x 458, 459 (9th Cir. 2016) ("prisoners have a right to call witnesses and present evidence at disciplinary hearings necessarily implies a right to participate in the hearing process").

In this case, plaintiff did not lose any good time credits and was given only a counseling chrono. The Wolff court noted that its decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges." Wolff, 418 U.S. at 571 n.19; see also Frank v. Schultz, 808 F.3d 762, 764 (9th Cir. 2015) (citations omitted) (no compensable due process violation

where procedural error is later corrected through administrative process and prisoner ultimately did not lose good-time credits). Since plaintiff did not lose any good-time credits, he may also demonstrate that he is entitled to the due process outlined in Wolff by alleging facts showing that the disciplinary "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. O'Conner, 515 U.S. 472, 484 (1995). However, the only punishment he alleges is a counseling chrono, which does not amount to an atypical and significant hardship. The alleged due process violations and speculative impact on plaintiff's eligibility for parole also fail to demonstrate that he was subject to an atypical and significant hardship. See Swarthout v. Cooke, 562 U.S. 216, 220 (2011) ("no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence"); Cal. Code Regs. tit. 15, § 2281(b)-(c) (providing that the parole board must consider "[a]ll relevant, reliable information" in determining suitability for parole" and outlining information for consideration and circumstances tending to show unsuitability). The complaint therefore fails to demonstrate that plaintiff was entitled to Wollf's protections and therefore fails to state a claim for relief.

IV.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the first amended complaint fails to state a claim upon which relief may be granted. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. Given the additional facts provided by plaintiff, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

V.      Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend

4

because it does not appear that there are any further facts that you can allege that would state a claim for relief.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the first amended complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 27, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE