UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RAMON CRAVER,<br><br>         Plaintiff,<br><br>     v.<br><br>L. ABLES, et al.,<br><br>         Defendants. | No.  2:22-cv-02144-DAD-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 9) |

Plaintiff Andre Ramon Craver, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 30, 2023, the assigned magistrate judge screened plaintiff's first amended complaint ("FAC") and issued findings and recommendations recommending that this action be dismissed, without leave to amend, due to plaintiff's failure to state a cognizable claim upon which relief may be granted.  (Doc. No. 9.)  In particular, the magistrate judge concluded that plaintiff's Fourteenth Amendment due process claim failed because he did not allege a loss of any good time credits and instead only alleged that he was issued a counseling chrono, "which does not amount to an atypical and significant hardship."  (*Id.* at 4.)   In addition, the magistrate judge concluded that plaintiff had already been provided one opportunity to amend his complaint and that the granting of further leave to amend would be futile.  (*Id*.)

1    Those pending findings and recommendations were served on plaintiff and contained
2    notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.*
3    at 5.) On November 11, 2023, plaintiff filed objections to the findings and recommendations.
4    (Doc. No. 10.)

5    In his objections, plaintiff contends that he was denied due process because he faced
6    disciplinary charges that included the loss of good time credits without receiving a copy of the
7    rule violation report or the opportunity to call witnesses, present evidence, or even attend the
8    disciplinary hearing. (Doc. No. 10 at 2–4.) Although the charges were reduced to a counseling
9    chrono after he was found guilty of a serious rule violation, plaintiff claims that the lack of these
10   procedures nonetheless violated his due process protections. (*Id.*)

11   The Due Process Clause protects against the deprivation of liberty without due process of
12   law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To invoke this protection, a plaintiff must
13   first establish the existence of a liberty interest. *Id.* Liberty interests may arise from the Due
14   Process Clause itself or from state law. *Id.* Under state law, the existence of a liberty interest
15   established by prison regulations hinges on the nature of the deprivation. *Sandin v. Conner*, 515
16   U.S. 472, 481–84 (1995). Liberty interests created by state law are "generally limited to freedom
17   from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the
18   ordinary incidents of prison life." *Id.* at 484; *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir.
19   2007).

20   Here, plaintiff has failed to establish the deprivation of a liberty interest because the
21   imposition of a custodial counseling chrono is not "the type of atypical, significant deprivation
22   [that] might conceivably create a liberty interest." [1] *Id.* at 486; *see also Washington v. Rupp*, No.

---

[1] In his FAC, plaintiff alleges that the guilty finding, which was added to his central file, will be the basis of the parole board's future decision to deny him parole. (Doc. No. 8 at ¶ 26.) However, the undersigned agrees with the magistrate judge that the "speculative impact on plaintiff's eligibility of parole also fail to demonstrate that he was subject to an atypical and significant hardship." (Doc. No. 9 at 4); *see Parks v. Chavez*, No. 12-cv-06018-EMC-PR, 2013 WL 556783, at *3 (N.D. Cal. Feb. 12, 2013) ("The possible effect of a disciplinary decision on later parole consideration is too speculative to say that the disciplinary decision has an inevitable effect on the duration of the plaintiff's sentence.").

2:19-cv-10033-FMO-JC, 2021 WL 8822034, at *7 (C.D. Cal. Nov. 30, 2021) (holding that the plaintiff's allegations concerning the placement of a counseling chrono in his c-file did not present the type of atypical significant deprivation in which a state might conceivably create a liberty interest); *Ramirez v. Woodford*, No. 2:05-cv-01333-FCD-GGH, 2007 WL 763226, at *8 (E.D. Cal. Mar. 9, 2007) ("Plaintiff cannot complain of an 'atypical or significant hardship' by imposition of a custodial counseling chrono following an RVR disciplinary hearing."), *report and recommendation adopted*, No. 2:05-cv-01333-FCD-GGH, 2007 WL 956645 (E.D. Cal. Mar. 29, 2007). For these reasons, plaintiff's objections do not provide any basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on October 30, 2023 (Doc. No. 9) are adopted in full;
2. This action is dismissed without further leave to amend due to plaintiff's failure to state a cognizable claim for relief; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **March 22, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE